UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERMO CREDIT L.L.C.                                        CIVIL ACTION

VERSUS                                                      NO: 08-3441

CENTRIC VOICE,. INC.                                        SECTION: "A"
PORTER FARRELL AND
JEFFREY ROTHELL

### Order and Reasons

Before the Court is a **Motion to Dismiss (Rec. Doc. 11)** filed by Defendants CentricVoice, Inc., Porter Farrell and Jeffrey Rothell (collectively "Defendants"). Plaintiff, Thermo Credit L.L.C., ("Thermo Credit") opposes the motion. The motion, originally set for hearing on July 23, 2008, and reset on August 6, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the **Motion to Dismiss (Rec. Doc. 11)** is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2008, Thermo Credit filed its Verified Complaint to Foreclose Security Interest by Executory Process without Benefit of Appraisal ("Complaint"). Plaintiff seeks an order from the Court to allow the U.S. Marshal to proceed by executory process to seize and sell the assets listed in the Complaint at public auction to the highest bidder for cash.

Thermo Credit is the holder of a promissory note executed by Defendants in connection with a Commercial Business Loan Agreement in which Thermo Credit extended a line of credit to the Defendants in the amount of $500,000. To further secure its obligations under the Loan Agreement and the Note, Defendants granted Thermo Credit a UCC security interest in certain telecommunication receivables and/or accounts and other movable property owned by Defendants.

The Loan Agreement states that Defendants will be in default upon "the failure of

[Defendants] to make any payment on any Loan when due" and the "failure of [Defendants] to observe or perform promptly. . . any obligation to Thermo." At the time the Complaint was filed, there was an outstanding balance on the line of credit in the amount of $310,153.08. The principal amount due under the Note is $307,356.08. Since January 1, 2008, the Defendants have made a single payment of $56,421.92 on May 9, 2008. This amount is insufficient to satisfy the obligations of Defendants under the Note, and it remains in default. Furthermore, the Loan Agreement provides for termination fees which total $15,000.00.

Thermo Credit alleges that the Defendants have defaulted on their obligations under the Note by failing to pay principal and interest amounts due, and that Thermo Credit is therefore entitled to seize the property securing the Note through executory process. Additionally, Thermo Credit seeks reasonable attorneys' fees and costs associated with the collection of the Note.

Defendants have moved for a dismissal of this action under F.R.C.P. Rule 12(b)(6) claiming that Thermo Credit has failed to state a claim upon which relief can be granted because a request for executory process is not a proper proceeding in federal court. Defendants argue that the Federal Rules of Civil Procedure govern in federal court and this action is subject to these rules. Additionally, F.R.C.P. 81, which governs exception to the application of state law in a federal court setting, has no application here.

In opposition, Thermo Credit argues that executory process is within the power of the federal court and Defendants should not be allowed to escape the clause for which they bargained when they sought extension of credit from Thermo Credit. Further, Plaintiff cites caselaw in federal courts that have permitted the use of executory process. Lastly, Thermo Credit contends Louisiana's executory process is substantive in nature, not procedural, and under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), this court must apply the substantive law of Louisiana in this case.

Defendants reply that executory process is procedural in nature because it is controlled by the Louisiana Rules of Civil Procedure, which does not control procedure in federal courts. Defendants concede to Plaintiff's argument that executory process has occurred in federal court before, however, Defendants argue that the defendants in those executory actions complained that the procedures were not followed correctly under La. C.C.P. articles 2631-2783 and the precise issue in this case is different. Defendants argue that the issue is not whether La. C.C.P. articles 2631-2783 have been complied with fully, but whether it is proper to proceed with an executory action in federal court.

Finally, if the Court finds that executory process is improper in this matter, Plaintiff asks that the Court permit this case to proceed as an ordinary civil action pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc., v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it sees," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61 F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

Numerous judges in the Eastern District Court of Louisiana have held that the federal court

may not entertain a Louisiana executory proceeding.[1] FDIC v. Saxena, 1994 WL 202364 (E.D. La. May 16, 1994); BancBoston Mtg. Corp. v. Wilson, 1988 WL 76229 (E.D. La. July 11, 1988). In FDIC v. Saxena and BancBoston Mtg. Corp. v. Wilson, the plaintiffs sought from the Court an order of executory process and issuance of a writ of seizure and sale under Louisiana law. 1994 WL 202364 at *1; 1988 WL 76229 at *1. In dismissing the plaintiffs' complaints, the Saxena and BancBoston courts held that a "federal court cannot issue a writ of seizure and sale in an executory proceeding because under Louisiana law *an executory proceeding is not commenced and prosecuted pursuant to the Federal Rules of Civil Procedure*." 1994 WL 202364 at *1; 1988 WL 76229 at *1 (emphasis added). Saxena and BancBoston relied on the federal rules governing the commencement and service of an action, as well as the defendant's right to answer in reaching their holdings. See Fed. R. Civ. P. 3, 4(a); Fed. R. Civ. P. 12(a).

Thermo Credit is correct in its observation that executory process has been allowed in federal court, including Asset One, La., Inc. v. Vulcan Minerals & Energy, Inc., 22002 WL 1303118 (E.D. La. June 10, 2002) (Zainey, J.). Thermo Credit fails to note, however, that the issue before the Court in Asset One was not whether the executory process was proper in federal court. Instead, the sole issue the Court was asked to determine in Asset One was whether the plaintiff complied with the requirements of La. R.S. 9:5555 in order to avail itself of the executory process when a note was not paraphed for identification. Thus, the issue before the Court in Asset One was whether a party had met statutory requirements under Louisiana law, therefore it is inapplicable to these facts.

Thermo Credit identifies additional cases in which the executory process was allowed in federal court. However, like in Asset One, in each of those cases the defendant in an executory

---

[1] The Federal Rules of Civil Procedure govern the procedure in all "civil actions and proceedings" in the district courts, except as stated in Rule 81. Fed. R. Civ. P. 1. Rule 81 does not provide an exception for Louisiana executory proceedings. See Fed. R. Civ. P. 81.

action complained that the plaintiff did not follow the procedures for executory process prescribed under Louisiana law. See, L.F.D. Realty, Inc. v. Schiro, 1995 WL 468229 (E.D. La. 1995) (issue of authenticity); Resolution Trust Corp. v. Peyton Place, Inc., 1994 WL 71285 (E.D. La. 1994) (issue of authenticity); First Nat. Bank of Boston v. Viking Maritec, Inc., 1993 WL 292996 (E.D. La. 1993)(issue of ranking mortgages). None of the cases cited by Plaintiff addressed the issue at present, i.e., whether the executory action is properly before the court. Therefore, such a determination was not made in those cases and they are distinguished from the present case and BancBoston and Saxena. In BancBoston and Saxena the only issue for the court was whether Louisiana's executory process could be commenced in federal court, to which the court held that it was not proper.

Plaintiff's argument that executory process is substantive in nature does not persuade the Court. The first case in the Eastern District Court of Louisiana to address the issue of whether Louisiana executory process is proper in federal court was Gillson v. Vendome Petroleum, Corp., 35 F.Supp. 815 (E.D. La. 1940). The Gillson court held that Louisiana executory process was procedural in nature. Id. at 818. The court noted:

> In none of the rules [FRCP] is executory process referred to co nomine, but executory process is a suit of a civil nature and the Federal Rules 'govern the procedure in the district courts of the United States in ALL (capitals supplied) suits of a civil nature whether cognizable as cases at law or in equity' (Rule 1), except such as may be specially exempted from their operation by Rule 81; and, as already noted, this suit of a civil nature is not excepted by said Rule 81.
> Id. at 819.

The Court agrees that an executory proceeding under Louisiana law does not comport with the requirements of the Federal Rules of Civil Procedure. Therefore, Plaintiff cannot receive the relief sought by executory process.

However, the parties are properly before the Court under diversity jurisdiction.  See 28 U.S.C.A. § 1332.  The amount in controversy exceeds $75,000 and the parties are citizens of different states.[2]  Plaintiff has alleged the existence of a note, defaults on the note, and a failure to cure those defaults by the Defendants.  As such, Plaintiff has stated a cause of action to foreclose on the note and obtain its collateral.  The Court recognizes "[it is] not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of the claim."  Jarbough v. A.G. of the U.S., 483 F.3d 184, 189 (3rd Cir. 2007).

Under Louisiana law, when the debtor successfully asserts a defense to the executory proceeding, the creditor may convert the proceeding into an ordinary proceeding and enforce his claim thereunder in the absence of a valid defense to the ordinary action.  First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 840 (La. 1987), citing, La.C.C.P. art. 2644.  The Western District Court of Louisiana stated that "one holding a mortgage... may proceed either by executory process or by ordinary action, or he may convert the former into the latter, if he sees fit."  York v. Acadia Land Co., 58 F.2d 1042, 1047 (W.D. La. 1931).

---

[2] Plaintiff is a limited liability company organized and existing under the laws of Colorado, with its principal place of business in Louisiana.  Defendants are all citizens of Texas and Plaintiff alleges that Defendants all have minimum contacts with the State of Louisiana sufficient to convey personal jurisdiction.

## III. <u>CONCLUSION</u>

Accordingly, and for the foregoing reasons, the Court will allow this action to continue as an ordinary action pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 11)** should be and is hereby **DENIED**.

October 21, 2008

```
_____
        JAY C. ZAINEY
   UNITED STATES DISTRICT JUDGE
```